F. D. McKendall Lumber Co. *vs.* Delfino DiDonato *et al.*

JULY 20, 1951.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'Connell, J. This is a petitioner's appeal from a final decree of the superior court establishing a lien in its favor in the sum of $704.25. The principal grounds of such appeal are that the decree is against the law, the evidence and the weight thereof; that it should have awarded petitioner the full amount of its claim, $1648.64; and that it does not do justice between the parties.

The evidence shows that respondents entered into a contract in December 1947 with Bernard McNiff, a contractor, for the construction of a house on Archer avenue in the town of Johnston in this state. The price agreed upon was $6000. The contractor collected $4935 from respondents and then defaulted on his contract. It is alleged that material for the construction of the house was furnished by petitioner and that the contractor has paid to it only $1000, leaving a balance of $1648.64 as claimed in the petition. All necessary steps have been taken as a condition precedent to the filing in the superior court of the petition to enforce the lien.

It appears in evidence that some of the delivery slips were signed by McNiff, others by one Dersosiers, whose relation to the parties is not disclosed by the evidence,

and many others bore no signatures. The office manager of petitioner explained that sometimes slips were not signed because there was no one on the job to sign them and sometimes the contractor or workers were on the roof and did not want to come down to the ground to sign them.

While the contractor, who testified for petitioner, stated that the materials listed on all the slips, both signed and unsigned, went into the construction of respondents' house, the court pointed out the necessity of proof by petitioner of every item of its claim by a fair preponderance of the evidence. In that connection he observed that the contractor was an interested party; that he had failed to finish the house under his contract, making him liable to respondents thereby; and that he was then in bankruptcy. He further found that petitioner had failed to prove, by a fair preponderance of the evidence, deliveries of materials according to the unsigned slips amounting to $930.38. Petitioner's claim according to the evidence was for $1634.63. He therefore gave his decision and entered a decree for petitioner for the balance of its claim in the sum of $704.25.

We have carefully examined the transcript and we cannot say that the decision of the trial justice was clearly wrong.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Albert N. McKendall*, for petitioner.

*Luigi Capasso*, for respondents.